**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BERTRAM S. MANN, IV,<br><br>    Plaintiff,<br><br>v.<br><br>HEARTLAND BEHAVIORAL HEALTHCARE,<br><br>    Defendant, | ) CASE NO. 5:25-CV-01851-CEF<br>)<br>) JUDGE CHARLES ESQUE FLEMING<br>)<br>) MAGISTRATE JUDGE<br>) CARMEN E. HENDERSON<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>) |

## I.    Introduction

On September 5, 2025, Bertram S. Mann, IV ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF No. 1). When Petitioner filed the petition, he failed to pay the filing fee or submit a complete and proper application to proceed *in forma pauperis*. On October 23, 2025, the undersigned ordered Petitioner to pay the $5 filing fee or file a proper application within 30 days. (ECF No. 2). The undersigned cautioned Petitioner that the case may be dismissed if he failed to comply with the order. (*Id.*). The copy of the order mailed to Petitioner was returned as undeliverable. (*See* ECF No. 3). The matter has been referred to the undersigned for preparation of a report and recommendation. (ECF No. 4).

## II.    Discussion

A court may permit a petitioner to proceed with a civil action without payment of the required filing fee upon a showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a). When a prisoner fails to pay the required fee or apply to proceed *in forma pauperis*, a court must notify the prisoner and grant him thirty days to correct the deficiency. *See McGore v. Wrigglesworth*, 114

F.3d 601, 605 (6th Cir. 1997). Should a prisoner fail to comply within the time provided, a court must "presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution." *Gravitt v. Tyskzkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution where petitioner failed to comply with the district court's deficiency order) (quotation omitted); *see also Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of prisoner's § 1983 action for want of prosecution for failing to comply with a deficiency order that clearly identified the documentation required and expressly warned that failure to comply may result in dismissal).

Here, the October 23 Order contained specific instructions and attached a copy of the application to proceed *in forma pauperis* for Petitioner to complete if he was unable to pay the required filing fee. (ECF No. 2). More than 30 days have passed, and Petitioner has failed to either pay the filing fee or return a proper application as ordered. Thus, dismissal is warranted.

The fact that the Court's October 23 Order was returned as undeliverable does not alter this conclusion. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), service by mail to a person's last known address is complete upon mailing such that the October 23 Order was properly served on Petitioner. Petitioner has an affirmative duty to notify the Court of any change in his address and his failure to do so further justifies dismissal. *See Washington v. Ohio*, No. 5:21-cv-2003, 2024 WL 4664709, at *2 (N.D. Ohio Nov. 4, 2024) ("*Pro se* litigants have the same obligation as an attorney to notify the court of a change of address."); *Bryant v. Garza*, No. 4:22-CV-1907, 2024 WL 1468444, at *5 (N.D. Ohio Feb. 22, 2024) ("Courts within the Northern District of Ohio have similarly concluded that dismissal is warranted where a habeas petitioner fails to keep the court updated regarding his change in address.") (collecting cases), *report & recommendation adopted,* 2024 WL 1468451 (N.D. Ohio Mar. 15, 2024).

### III. Recommendation

Based on Petitioner's failure to update the Court of his address and comply with the Court's October 23 Order, I recommend that the Court dismiss the petition without prejudice.

Dated: December 19, 2025

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).